IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02564-WYD-MJW

SERENA JORDAN,

Plaintiff(s),

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Defendant Midland Credit Management, Inc.'s Motion for Protective Order (Docket No. 26) is **GRANTED** substantially for the reasons stated in the motion (Docket No. 26) and the reply (Docket No. 29).

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). Rule 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R.

2

Civ. P. 26(c).  It is the Defendant's burden to establish sufficient "good cause."  <u>Nestle Foods Corp. v. Aetna Cas. & Surety Co.</u>, 129 F.R.D. 483, 484 (D.N.J. 1990); <u>United States v. Hooker Chems. & Plastics Corp.</u>, 90 F.R.D. 421, 425 (W.D.N.Y 1981).  The decision to issue a protective order rests within the sound discretion of the trial court. <u>Wang v. Hsu</u>, 919 F.2d 130 (10th Cir. 1990).

Here, this FDCPA case is only about whether defendant called plaintiff at her place of employment after being told not to do so.  (Docket No. 1 - Complaint).  Furthermore, defendant has not pled the "bona fide error" defense in this case under 15 U.S.C. § 1692k(c).  (Docket No. 8 - Answer).  Therefore, upon review of the 30(b)(6) topics at issue in the instant motion, the court finds that all of those topics at issue are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome.

Accordingly, plaintiff's 30(b)(6) Notice of Deposition shall be modified to exclude Topic Nos. 17-19, 65-66, 68-73, 75-79, 83-85, 87-89, and 90.

It is further **ORDERED** that Plaintiff's Unopposed Motion to Extend Discovery Cutoff Date and the Dispositive Motion Deadline (Docket No. 30) is **GRANTED**.  Accordingly, the Scheduling Order (Docket No. 19) is amended as follows.  The discovery deadline is extended up to and including June 5, 2014, for the limited purpose of plaintiff taking the 30(b)(6) deposition(s) of defendant's designee(s).  The dispositive motion deadline is extended up to and including July 7, 2014.  The Final Pretrial Conference set on May 27, 2014, at 10:30 a.m., is VACATED and RESET on August 7, 2014, at 9:30 a.m.

<u>Date: May 5, 2014</u>